IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

FILED
DEC - 5 2002
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS OFFICE

MARCUS PATTERSON,

    Plaintiff,

vs.

CITY OF ALTON,

    Defendant.                         No. 02-CV-0785-DRH

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

### I. Introduction

On July 23, 2002, Marcus Patterson filed a two-count complaint against the City of Alton, Illinois ("the City") (Doc. 1). Patterson alleges that the City engaged in disparate treatment violating **Title VII and 42 U.S.C. § 2000e(f)** when the City disciplined various officers employed by it. Specifically, Patterson alleges that the City intentionally discriminated against him because of his race by subjecting him to harsher disciplinary actions than that taken with white employees. Patterson also alleges that the City violated his rights to equal protection, to free speech, and to petition the government for redress of grievances.

On September 24, 2002, the City filed a motion to dismiss, arguing that Patterson's complaint is barred by the ***Rooker-Feldman*** doctrine, or alternatively, *res judicata*. The City also argues that Patterson's claim for punitive damages must

be dismissed because the City is immune from the imposition of punitive damages. Patterson filed a response on October 24, 2002. For the following reasons, the Court grants the City's motion to dismiss (Doc. 2).

## II. Facts

Patterson was a police officer employed by the City. He was convicted of two counts of aggravated assault and one count of battery, arising out of two separate off-duty incidents involving Patterson's use of his firearm. As a result of the criminal charges, Patterson's license to carry a firearm was suspended, and he was discharged by the Alton Police Department on August 28, 2000.

Patterson filed a charge with the Equal Employment Opportunities Commission ("EEOC"), alleging racial discrimination, which the EEOC dismissed. Patterson also filed a grievance against the City through the Policeman's Benevolent and Protective Association ("the Union"). Patterson asserted that other white officers employed by the City engaged in similar conduct and were treated with more favorable disciplinary actions.

Pursuant to the Collective Bargaining Agreement, the matter was arbitrated. On July 9, 2001, the arbitrator determined that Patterson should be reinstated without back pay. Subsequent to the arbitration award, the City appealed the decision to the Circuit Court of Madison County, Illinois, arguing that the arbitrator's decision to reinstate Patterson was contrary to public policy. The circuit court agreed, and on August 19, 2002, the court vacated the portion of the arbitrator's award that reinstated Patterson, and ordered that Patterson be

discharged. Thereafter, Patterson filed his complaint in this Court, alleging violations of **Title VII** and **42 U.S.C. § 1983**.

### III. Analysis

#### A. Motion to Dismiss

When ruling on a motion to dismiss for failure to state a claim, the district court assumes as true all facts well-pled plus the reasonable inferences therefrom and construes them in the light most favorable to the plaintiff. *Fries v. Helsper*, 146 F.3d 452, 457 (7th Cir. 1998)(citing *Wiemerslage Through Wiemerslage v. Maine Township High Sch. Dist. 207*, 29 F.3d 1149, 1151 (7th Cir. 1994)). The question is whether, under those assumptions, the plaintiff would have a right to legal relief. *Id*. This standard also has been articulated:

> [U]nder "simplified notice pleading," . . . the allegations of the complaint should be liberally construed, and the "complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."

*Lewis v. Local Union No. 100 of Laborers' Int'l Union*, 750 F.2d 1368, 1373 (7th Cir. 1984)(quoting *Conley v. Gibson*, 355 U.S. 41, 46-47 (1957)). Accord *Fries*, 146 F.3d at 457; *Vickery v. Jones*, 100 F.3d 1334, 1341 (7th Cir. 1996).

The Seventh Circuit has reiterated the liberal standard governing notice pleading:

> It is sufficient if the complaint adequately notifies the defendants of the nature of the cause of action . . . . As the Supreme Court has recently reminded us, the Federal Rules of Civil Procedure do not permit us to demand a greater level of specificity except in

>those instances in which the Rules specifically provide for more detailed elaboration. See Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit, 507 U.S. 163, 168 (1993).

***Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1057 (7th Cir. 1998);** *See also **Kaplan v. Shure Bros., Inc.*, 153 F.3d 413, 419 (7th Cir. 1998)**. In fact, the Seventh Circuit has instructed that a plaintiff's claim *must* survive a 12(b)(6) dismissal motion if relief could be granted under *any* set of facts that could be proved consistent with the allegations. ***Hi-Lite Prods. Co. v. Am. Home Prods. Corp.*, 11 F.3d 1402, 1409 (7th Cir. 1993)**.

### B. *Rooker-Feldman* Doctrine

The City argues that the **Rooker-Feldman** doctrine bars Patterson's complaint. The doctrine precludes federal courts from exercising subject matter jurisdiction over claims seeking review of state court judgments. ***Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923);** ***Dist. of Columbia Ct. of Appeals v. Feldman*, 460 U.S. 462, 484-86 (1983)**. "In assessing the applicability of the *Rooker-Feldman* doctrine, 'the fundamental and appropriate question to ask is whether the injury alleged by the federal plaintiff resulted from the state court judgment itself or is distinct from that judgment.'" ***Maple Lanes Inc. v. Messer*, 186 F.3d 823, 825 (7th Cir. 1999)(citations omitted)**. "Plaintiffs must instead seek review through the state court system and, if necessary, petition the United States Supreme Court for a writ of certiorari." ***Edwards v. IL Bd. of Admissions to the Bar*, 261 F.3d 723, 728 (7th Cir. 2001)**. This doctrine applies not only to the

claims specifically raised in the state court proceeding, but also to any *inextricably intertwined* with those claims. **Manley v. City of Chicago, 236 F.3d 392, 396 (7th Cir. 2001)(emphasis added)**. In applying this doctrine, it is important to note that a plaintiff may not circumvent the effect of the **Rooker-Feldman** doctrine simply by casting his complaint in the form of a federal civil rights action. **Id. at 397**. Furthermore, the doctrine applies equally to claims for monetary damages and requests for injunctive relief. **Garry v. Geils, 82 F.3d 1362, 1370 (7th Cir. 1996)**.

In determining whether the **Rooker-Feldman** doctrine applies, the court must ask (1) whether the proceedings in state court were judicial proceedings, and (2) whether the federal claims are so inextricably intertwined with those proceedings so as to make review of the claims an impermissible review of state judicial proceedings. **Leaf v. Supreme Ct. of WI, 979 F.2d 589 (7th Cir. 1992)**. Additionally, to assist in determining whether a plaintiff is actually seeking to set aside a state court judicial proceeding or whether the claim is independent of it, the court asks whether the injury alleged by the federal plaintiff resulted from the state court judgment itself or is distinct from that judgment. **Edwards, 261 F.3d at 728-29**. "If it is the former, then 'the federal courts lack subject matter jurisdiction, even if the state court judgment was erroneous or unconstitutional.'" **Id. (citations omitted)**.

The Court finds that the **Rooker-Feldman** doctrine applies in this case and bars Patterson's complaint. The parties do not dispute that the proceedings in

state court were judicial proceedings. Patterson's grievance alleging racial discrimination was heard by the EEOC, an arbitrator, and the Circuit Court of Madison County, Illinois. What the parties *do* dispute is whether Patterson's federal claims are so inextricably intertwined with the state court proceedings to make review of those claims impermissible.

Patterson contends that he does not allege an injury at the hands of the state court, and thus, the **Rooker-Feldman** doctrine does not apply. However, the Court disagrees. Patterson, in his complaint, alleges that the City violated his rights to equal protection, free speech, and his right to petition the government.[1] The arbitrator, in his opinion and award, stated that "the only argument the Union makes is that the [City] was guilty of disparate treatment because neither Officers McNamara nor Ward were discharged or otherwise disciplined." (Doc. 2, Exh. 1, p. 4). The arbitrator went on to conclude that because these cases were distinguishable from Patterson's case, "the evidence is simply too vague to rely on to find as the Union urges." (Doc. 2, Exh. 1, p. 4). The Circuit Court of Madison County, Illinois reviewed the arbitrator's opinion and award and determined that Patterson must be discharged.

Not happy with that determination, Patterson filed his complaint in this Court, asking the Court to award him back pay and to reinstate him as a police officer for the City. However, the state court proceedings have already concluded that

---

[1] Although these appear to be three separate rights allegedly violated, these claims all revolve around the propriety of Patterson's discharge.

the City properly terminated Patterson. For this Court to conclude that Patterson is entitled to back pay and reinstatement would require it to review the decision of the state court proceedings upholding Patterson's discharge. This is precisely what **Rooker-Feldman** precludes. **See Rooker v. Fidelity Trust Co., 263 U.S. 413, 415-16 (1923); Dist. of Columbia Ct. of Appeals v. Feldman, 460 U.S. 462, 484-86 (1983)**.

Patterson, in his complaint, also alleges that the City intentionally discriminated against him because of his race. This allegation has been addressed by the EEOC, which dismissed the charge, and is also inextricably intertwined with the issues presented to the arbitrator and the Circuit Court of Madison County, Illinois. **Rooker-Feldman** bars not only claims specifically raised in state court proceedings, but also any claims inextricably intertwined with these claims. **Manley v. City of Chicago, 236 F.3d 392, 396 (7th Cir. 2001)**. The key inquiry is whether the district court is, in essence, being called upon to review the state court decision. **Id**.

Patterson, in his complaint, essentially asks this Court to review the state court's determination that the City properly discharged Patterson. The heart of Patterson's complaint is that he was wrongfully terminated by the City. This is evident from Patterson's prayer for relief, which requests compensation for back pay

and reinstatement as a police officer for the City.[2] However, the state court proceedings have already determined that the City properly discharged Patterson.[3] Awarding Patterson back pay and ordering his reinstatement, which Patterson presently requests, would require this Court to overturn the state court's decision that Patterson was properly discharged. This Court lacks jurisdiction to review that determination under **Rooker-Feldman**. **See, e.g., Long v. Shorebank Dev. Corp., 1999 WL 423388, *7 (7th Cir. June 25, 1999)(finding that the plaintiff's due process argument could not be considered separate from the eviction order in state court because had the circuit court proceedings resulted in her favor, she would not likely have been evicted)**.

As the Seventh Circuit has repeatedly held, a plaintiff may not circumvent the effect of the **Rooker-Feldman** doctrine simply by casting his complaint in the form of a federal civil rights action. **Manley v. City of Chicago, 236 F.3d 392, 397 (7th Cir. 2001)**. This is precisely what Patterson attempts to do. Additionally, "[i]t does not matter that the state court judgment might be erroneous or even unconstitutional." **4901 Corp. v. Town of Cicero, 220 F.3d 522, 527-28 (7th Cir. 2000)**. To overturn the state court's decision ordering Patterson's discharge, Patterson must proceed through the state judicial system and can only

---

[2]These are remedies that were previously considered by the arbitrator and the circuit court in the state court proceedings.

[3]The state court *ordered* that Patterson be discharged as a result of the incidents. *See* **Doc. 2, Exh. 2, p. 2**.

seek federal court review in the United States Supreme Court pursuant to **28 U.S.C. § 1257**. *See id.* **at 527**.

### IV. Conclusion

The Court finds that Patterson's complaint is barred by the ***Rooker-Feldman*** doctrine. Accordingly, the Court **GRANTS** the City's motion to dismiss (Doc. 2). The Court **DISMISSES with prejudice** Patterson's complaint (Doc. 1). Because the Court finds the above issue dispositive in this case, the Court does not address the remaining arguments raised by the parties in their pleadings.

**IT IS SO ORDERED.**

Signed this 5th day of December, 2002.

**DAVID R. HERNDON**
**United States District Judge**